(81 Misc. Rep. 127.)

### SPINAPONT v. H. G. VOGEL CO.

(Supreme·Court, Appellate Term, First Department.   June 17, 1913.)

TRIAL (§ 329*)—GENERAL VERDICT—CONFORMITY TO ISSUE.

Where, if plaintiff's evidence was true, the verdict should have 'been in his favor for at least $350, and, if defendant's evidence was true, the verdict should have been in his favor, a verdict for $125 is not sustained by the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 774–776, 782; Dec. Dig. § 329.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Louis V. Spinapont against the H. G. Vogel Company. From a judgment in his favor for $125 upon the verdict of the jury, and also from an order denying his motion to set the verdict aside on the ground of inadequacy, plaintiff appeals.   Reversed, and new trial ordered.

Argued May term, 1913, before LEHMAN, BIJUR, and WHITAKER, JJ.

Abraham S. Weltfisch, of New York City, for appellant.
David Bernstein, of New York City, for respondent.

WHITAKER, J.   Plaintiff, a contractor, entered into an agreement in May, 1912, to erect a pent house upon certain premises in Long Island City.   The defendant was the principal contractor.   The agreed price for the completion of the pent house by plaintiff was $550.   The plaintiff completed the work in accordance with the plans and specifications and to the satisfaction of defendant.   Plaintiff was paid $200 on account.   These facts are conceded.

The defendant sets up a defense and counterclaim which its evidence tends to prove, viz., that the plaintiff agreed to push the work, completing it within ten days from the time the pressure tanks' were set, and that time was the essence of the contract, inasmuch as defendant was under contract to finish the entire work for the owner within a fixed period, and was liable to the owner for $50 a day for every day that the work was unfinished from that time, that the·plaintiff failed to finish the work on time, and that by reason of his delay defendant was liable to the owner for $50 a day for ten days.

This defense is testified to by defendant's witnesses; and defendant's witness also testifies that the plaintiff was informed that, unless he finished the work within his ten-day limit, he would be held liable to pay the penalty that the defendant was required to pay to the owner. This delay of plaintiff was testified to by defendant's witnesses as being 10 days, and amounting to $500.   The plaintiff also claimed $75 for extra work.   Plaintiff's claim and evidence is that he was delayed in the work by defendant.

The judge charged the jury in part as follows:

"You have listened very patiently to this case, and it will not be necessary for me to say but a very few words to you.  The contract in this case

calls for the payment of $550 by the defendant to the plaintiff upon the completion of the work that you heard testified to here. The plaintiff testified that he knew nothing at all about the time agreement between the defendant and any other concern, and that on several occasions, at least three occasions, he went with his five men over to where this work was to be done, and he was compelled to pay those five men the wages which they claimed for losing half a day each time, amounting to $35.63. The plaintiff testified that the time consumed by him in going to the building department and for preparing the plan which you see here in evidence was of a reasonable value of $40. That would make $75.63, outside of the contract, on which he received $200. That would leave due him on the contract, if there were no dispute, $350; and if he would be entitled to the additional sum of $75.63, that, of course, would be added to the $350.

"The defendant claims that, by reason of the time limit in which it was to perform the contract, it was subject to a penalty of $50 a day, and that the counterclaim is for $500, 10 days at $50 a day. This is a question of fact for you to determine.

"You heard the plaintiff testify about calling over to the place where the work was going on, on different dates, and that he knew nothing at all about this time limit until afterwards; while the testimony of the defendant's witnesses is to the effect that he knew all about it, that they went over the contract between themselves and the American Drug Syndicate, and that the plaintiff was aware of the time limit, and that he himself caused the delay which necessitated the American Drug Syndicate instituting a claim against the defendant of $400. If you believe from the testimony in the case that the plaintiff did know of this time limit, and he was the person who caused this delay which compelled the defendant to pay this other company $400 by reason of this time limit, then, of course, the claim of $400 should be allowed.

"Now, as to the plaintiff's claim of $350, as I understand from defendant's attorney, that is not disputed. They say that the work was completed and he was entitled to the $350, so that, if you allow them the $400 on their counterclaim, then that would be a judgment in favor of the defendant for $50. You will also consider plaintiff's testimony as to the $35.63, which he testified he expended, and the $40, which he claims is the reasonable value for his services in drawing and filing plan; the total of said two items being $75.63. You are not to be governed just by the exact figures in this case. You can find $40, or less, so far as the latter item is concerned; and if you find that his claim is true, and uncontradicted by the defendant, that he did take his men over there on three different occasions, losing half a day each time, then you may, or may not, allow him that item $35.63; that is, according to which side of the testimony you give credence to. It is for you to pass upon which side is entitled to your verdict."

Under the facts disclosed by the pleadings and record of this case, it is impossible to reconcile the verdict with the claim of either the plaintiff or defendant. Finding a verdict for the plaintiff necessarily establishes that the facts testified to by him, at least in reference to the contract price for the work he agreed to do for defendant, are true; and, if so, the verdict should have been at least $350. If the facts alleged in the answer, and testified to by defendant's witnesses, were true, the verdict should have been for defendant.

The judgment and order should be reversed, and a new trial ordered, with costs to appellant to abide the event.

LEHMAN, J., concurs. BIJUR, J., concurs in result.